**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| KATHY M. JONES, | : | CASE NO: 1:06:CV007 |
| Plaintiff, | : | JUDGE BECKWITH |
| | | MAGISTRATE BLACK |
| v. | : | |
| CITY OF MIDDLETOWN, OHIO, et al., | : | **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE** |
| Defendants. | : | |

___

Come now Defendants City of Middletown, Middletown Police Department, Bill Becker, and Mark Hoffman ("Defendants"), by counsel, and hereby submit their Reply to Plaintiff's Response to their Motion to Strike.

**I.      Introduction**

Contrary to Plaintiff's argument, Defendants' Motion to Strike is not untimely. The parties, through counsel, have agreed that Defendants' Reply to Plaintiff's Opposition will not be due until ten (10) days following the last production of Middletown public records. Whereas the production of such records is not yet complete, Defendants' Motion to Strike is not untimely.

**II.     Plaintiff's Affidavits Were Not Made With Personal Knowledge**

As already noted, Rule 56(e) of the Federal Rules of Civil Procedure sets forth three requirements for affidavits which are used in support of or in opposition to a motion for summary judgment. It provides that such affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e); Collazos-Cruz v. United States, 117 F.3d 1420 (6th Cir. 1997). See, also, Cassels v. Dayton City School Dist.

1

Bd. Of Edn. (1994), 69 Ohio St.3d 217, 223, 631 N.E.2d 150.  The three requirements of Fed. R. Civ. P. 56(e) are mandatory, and "an affidavit that does not satisfy the requirements…is subject to a motion to strike."  Collazos-Cruz, supra. at *2.  Failure to comply with the mandatory requirements of Rule 56(e) "makes the proposed evidence inadmissible during the consideration of the summary judgment motion."  Friedel v.City of Madison, 832 F.2d 965, 970 (7th Cir. 1987).

"Personal knowledge" has been defined as "knowledge of the truth in regard to a particular fact or allegation, which is original, and does not depend on information or hearsay."  Brannon v. Rinzler (1991), 77 Ohio App.3d 749, 756, 603 N.E.2d 1049 (Emphasis added).  The Ohio Supreme Court has defined "personal knowledge" as "knowledge gained through firsthand observation or experience, as distinguished from a belief based upon what someone else has said."  Bonacorsi v. Wheeling & Lake Erie Railway Co. (2002), 95 Ohio St.3d 314, 320, 767 N.E.2d 707.  See, also, Black's Law Dictionary (7 Ed. Rev. 1999) 877.  Under Ohio law, one cannot testify with personal knowledge of an event without having witnessed that event; one cannot obtain personal knowledge based upon conversations.  Id. at 320, 767 N.E.2d 707.  In other words, the affidavits "must concern facts as opposed to conclusions, assumptions, or surmise."  Perez v. Volvo Car Corp., 247 F.3d 303, 316 (1st Cir. 2001).

Plaintiff admits, in her response, that she obtained her knowledge for the affidavits from documents.  In Watts v. Watts, 1994 WL 88765 (Ohio App. 6 Dist.), a case on point, the court considered an appeal from summary judgment granted in favor of the defendant/appellee.  One of appellant's assignments of error was the trial court's admission of appellee's affidavit in support of his summary judgment motion.  Upon review, the curt found that appellee's assertions regarding the lack of medical evidence to support appellant's allegations were "all based on hearsay, that is,…based on out-of-court statements and opinions in…medical records and in

unauthenticated medical reports." Id. at *5. Consequently, "the trial court was required to disregard those portions of [the] affidavit premised on these materials." Id.

Like the appellee in Watts, Plaintiff's assertions in her affidavits are based on not on her personal knowledge, but on hearsay. Plaintiff's assertions was based on out-of-court statements and opinions in unauthenticated business records. Based on Plaintiff's clear lack of personal knowledge, and resulting violation of Fed. R. Civ. P 56(e), this Court should disregard her affidavits when considering Defendants' motion for summary judgment.

### III. Plaintiff's Affidavits Do Not Introduce Relevant Evidence

In Plaintiff's arguments that her affidavits contain relevant evidence, Plaintiff attempts to mislead this Court by stating the factors regarding the similarities of comparable employees in a disparate treatment case, as set by the Sixth Circuit in Mitchell v. Toledo Hospital, 964 F.2d 577 (6th Cir. 1992), were "softened" by the Court in Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344 (6th Cir. 1998). Plaintiff misstates the holding in Ercegovich.

In Ercegovich, the court reviewed an appeal of summary judgment for the employer in an action alleging age discrimination related to employment termination subject to a reduction in work force and transfers of younger employees to other positions. In its analysis of Mitchell, the court noted the Mitchell court relied on the factors relevant to the factual context therein – "an allegedly discriminatory disciplinary action resulting in the termination of the plaintiff's employment." Ercegovich, supra. at 352. Continuing, the court held the similarly situated factors as listed in Mitchell "are all relevant considerations in cases alleging differential disciplinary action." Id. The court concluded that courts may consider other relevant factors "in cases arising under different circumstances." Id. See, also, Martin v. The United States Playing Card Co., 172 F.3d 48 (6th Cir. 1998)(refusing to accept plaintiff's argument that the standard for

3

demonstrating that another employee is similarly situated to a plaintiff as stated in Mitchell was now laxer as stated in Ercegovich).

The Sixth Circuit has continued to follow this reasoning regarding the applicability of Mitchell similarly situated factors. Smith v. Leggett Wire Company, 220 F.3d 752 (6th Cir. 2000)(employee who had been terminated after threatening to "kill a bunch" of people unless his incentive pay was recalculated was found not to be similarly situated, as to conduct, to an employee who brought a handgun to work, an employee who invited his supervisor to meet him off property to fight, and an employee who stuck a pair of heated pliers on a coworker's neck); Adams v. Proto Plastics, Inc., 151 Fed. Appx. 468 (6th Cir. 2005)(Ercegovich is simply not analogous where plaintiff's termination was not subject to reduction in work force). In fact, even in the case cited by Plaintiff, Johnson v. Kroger Co., 319 F.3d 858 (6th Cir. 2003), the court rejected plaintiff's Ercegovich argument to expand the pool of similarly situated employees. Id. at 867.

Herein, where Plaintiff claims she was treated differently than other comparable non-protected employees, and, unlike the facts in Ercegovich, her termination was not subject to a reduction in work force with younger employees being transferred to other positions, Plaintiff can only prevail on a claim of disparate treatment under Title VII by showing (1) that she is a member of a protected class, (2) that she was qualified for the position she held, (3) that she suffered an adverse employment action; and (4) that a comparable non-protected person was treated better. Mitchell v. Toledo Hospital, 964 F.2d 577, 582 (6th Cir. 1992). Moreover, Plaintiff must show the "comparables" are similarly-situated in all respects. Id. at 583. To be "similarly situated," the individuals with whom Plaintiff seeks to compare her treatment "must have dealt with the same supervisor, have been subject to the same standards and have engaged

4

in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." Id.

The conduct engaged in by Plaintiff that resulted in the adverse employment action was *premeditated assault, and premeditated cover-up thereof, on a non-resisting prisoner.* Deposition of Kathy M. Jones, Ex. B.  Plaintiff has produced no evidence whatsoever that any individual whom she is referencing in her affidavits deployed a taser against a non-resisting, handcuffed prisoner, let alone premeditated the assault and cover-up.  Whereas none of the incidents referenced by Plaintiff in her affidavits pertain to "the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it," Id.at 582, and, therefore, are not relevant evidence, Plaintiff's affidavits do not "set forth such facts as would be admissible in evidence." Fed. R. Civ. 56(e).

**IV.     The Exhibits Are Not Relevant and Admissible**

Contrary to Plaintiff's arguments, the documents attached as exhibits to her affidavits are not relevant and admissible.

As already noted, the incidences referenced by Plaintiff in her affidavits concern conduct which is not relevant to her claim of disparate treatment.  Consequently, the documents regarding those incidences which are attached as exhibits to the affidavits are not relevant, and are inadmissible under Fed. R. Evid. 402.

Plaintiff argues the documents should be admissible pursuant to Fed. R. Evid. 803(8), or the hearsay exception of public records and reports.  However, even if the documents were relevant in this case, and they are not, the documents only would be admissible under certain circumstances.

5

The Supreme Court has interpreted this "public records" exception to the hearsay rule to include both conclusions and opinions of public offices and agencies.  <u>Beech Aerospace Services, Inc. v. Rainey</u>, 488 U.S. 153, 109 S.Ct. 439 (1988).  The Sixth Circuit has narrowed the public records exception to only opinions of the agency or public office *itself*, and not those of its individual members contained within the records.  <u>Patterson v. Central Mills, Inc.</u>, 64 Fed. Appx. 457, 2003 WL 2007941 (6th Cir. 2003)(finding district court did not abuse its discretion by ordering plaintiffs to redact from official publications the statements of individual commissioners contained therein)( citing <u>United States v. Midwest Fireworks Mfg. Co., Inc.</u>, 248 F.3d 563 (6th Cir. 2001).  Even if the public records are deemed to be relevant, only the opinions of the agency or public office, and not those of any individuals, should be an exception to the hearsay rule.  Herein, where all of the opinions in the public records are those of individuals, and none of the records contain information that is relevant to Plaintiff's claim, none of the exhibits are admissible.

**V.**     **Conclusion**

Whereas Plaintiff's affidavits are not made with personal knowledge and do not introduce relevant evidence, and the documents attached as exhibits to the affidavits are not relevant and admissible, Defendants City of Middletown, Middletown Police Department, Bill Becker, and Mark Hoffman's respectfully request this Court grant their Motion to Strike Plaintiff's Affidavits and Exhibits, Dkt. R. 38 with Attachments 1-6; R. 41 with Attachments 1-4; R. 42; and R. 43 with Attachment 1, Offered in Support of Her Response to Defendants' Motion for Summary Judgment as to all claims.

                          Respectfully submitted,

/s/Boyd W. Gentry
Jeffrey C. Turner, Bar Number: 0063154
Boyd W. Gentry, Bar Number: 0071057
Kettering Tower, Suite 1610
40 North Main Street
Dayton, Ohio 45423
Tel. (937) 222-2333
Fax (937) 222-1970
jturner@sdtlawyers.com
bgentry@sdtlawyers.com
Counsel for Defendants

Leslie S. Landen (0017064)
One Donham Plaza
Middletown, Ohio   45042
Tel:  (513) 425-7714
Fax:  (513) 425-7780
lesl@ci.middletown.oh.us
Co-Counsel for Defendants

Of Counsel:
SURDYK, DOWD & TURNER CO., L.P.A.
Kettering Tower, Suite 1610
40 N. Main Street
Dayton, Ohio 45423
Tel.  (937) 222-2333
Fax  (937) 222-1970

## CERTIFICATE OF SERVICE

I hereby certify that on June 18th, 2007, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel.

/s/Boyd W. Gentry
Boyd W. Gentry, Bar Number: 0071057